UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILGENS BLANC,

Petitioner,

v. Case No. 3:26-cv-2949-MMH-LLL

WARDEN, BAKER COUNTY FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Wilgens Blanc, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on October 27, 2026. See generally Petition. Blanc, a citizen of Haiti, was temporarily detained at the border and paroled into the United States on October 28, 2022. Id. at 4. On August 14, 2026, United States Immigration and Customs Enforcement (ICE) re-detained Blanc. Detention History (Doc. 6-9) at 1. As relief, he seeks, inter alia, a bond hearing or, alternatively, immediate release. Petition at 12.

Blanc argues that his continued detention violates the Immigration and Nationality Act. Id. at 8–10. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border,

whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Blanc, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Blanc was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Blanc's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Blanc an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2]

---

[1] Because the Court finds that Blanc is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Blanc is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not

If Respondents release Blanc, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of November, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record

---

immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).